## HANKIN, Plaintiff-Appellant, v. THE MAY COMPANY, Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21897. Decided December 11, 1950.

Bart T. McIntyre, Cleveland, for plaintiff-appellant.

McKeehan, Merrick, Arter & Stewart, Clinton N. Horn, Cleveland, for defendant-appellee.

(CONN, PJ, FESS, J, CARPENTER, J, of the 6th District sitting by designation in 8th District.)

## OPINION

By CONN, PJ.:

This action is begun in the Common Pleas Court by plaintiff to recover damages against defendant for malicious prosecution of a prior civil action wherein judgment was entered on a cognovit note executed by plaintiff, but which had been previously paid. Thereafter, proceedings in aid of execution on the judgment were begun, directed against plaintiff's employer and her wages were attached.

Defendant in its answer admitted that the note had been paid in full when judgment was taken thereon and further alleged that some months after the note had been paid plaintiff had opened a charge account with defendant; that there was a balance due thereon and that the attorney for defendant inadvertently brought suit on the note, believing that the amount claimed to be due defendant was based on the note.

On the trial plaintiff testified that a charge account with defendant was originally opened in 1942 in the name of her husband H. L. Hankin. As part of plaintiff's cross-examination defendant had identified and introduced an itemized statement of merchandise sold to plaintiff on which there appeared a balance due defendant of $86.23. Several sales slips of these purchases were also introduced in evidence by defendant which showed items charged to H. L. Hankin; Mr. and Mrs. H. L. Hankin and Mrs. H. L. (Horace L.) Hankin.

Plaintiff also testified that her husband paid the bills by check on the first of each month; that in 1945 defendant brought an action against plaintiff in the Municipal Court for an alleged balance due in the amount of $86.23 and at that time she and her husband were separated and she had brought suit for divorce.

Plaintiff introduced in evidence a photostatic copy of said

proceedings and it appears that plaintiff filed answer in that case denying she owed the defendant on the alleged account and that subsequently an amended petition was filed making Horace L. Hankin a party defendant. Later in the same year this case was dismissed at the costs of the plaintiff therein.

The photostatic copy of the proceedings in the suit on the note was also introduced in evidence by plaintiff from which it appears that the petition was verified by Harold G. Burnham as attorney for the plaintiff in that action and that said Burnham was also the attorney for the plaintiff and verified the petition and amended petition in the action on the account, this action being later dismissed as above stated.

Plaintiff also testified that when she brought to the attention of the defendant that the note sued on had been paid, defendant promptly thereafter caused her wages to be released and the suit dismissed. It further appears in the evidence that the plaintiff was discharged some two months after her wages were attached.

At the conclusion of plaintiff's case, the trial court granted defendant's motion to withdraw the evidence from the jury and entered judgment for defendant from which judgment this appeal was taken and this action of the trial court has been assigned as error.

In Ohio numerous cases recognize the rule that where a motion is made for a non-suit or a verdict directed at the close of plaintiff's case, the trial court must assume the truth of the evidence offered and construe this evidence most strongly in favor of plaintiff, giving the plaintiff's case the help afforded by any reasonable inferences arising from the evidence. **39 O. Jur. 802, Sec. 183** and cases cited.

Applying the above rule to the instant case, it is pertinent to inquire if there was lacking credible evidence to support any essential element necessary when plaintiff rested her case, keeping in mind the admission of defendant that the note sued on had been discharged by payment.

Defendant contends that the "three necessary elements" required under the law of Ohio, to-wit malice, want of probable cause and damage are all absent. However, where the alleged wrong grows out of a prior civil action the rule in Ohio imposes on plaintiff the duty also of showing some wrongful interference with his property as a necessary element, such as by attachment, injunction or otherwise. **25 O. Jur. 874, Sec. 8; Newark Coal Co. v. Upson, 40 Oh St 17; Cincinnati Daily Tribune Co. v. Bruck, 61 Oh St 489.**

By virtue of defendant's admission and the evidence it is

**236**

clear that the proceedings in aid and the attachment of plaintiff's wages were wrongful. Is there credible evidence tending to show the remaining three elements?

The trial court upon consideration of defendant's motion had before it plaintiff's evidence and all reasonable inferences arising which tended to show that the defendant, through its agents and attorneys, knew that the note was paid when the court was asked to enter judgment against plaintiff and issue execution thereon. The attachment proceedings being wrongful, the element of want of probable cause was for the jury under the circumstances disclosed by the evidence. Since malice may be inferred from want of probable cause, the existence of malice, express or implied, was also an issue to be determined by the jury. **25 O. Jur. 890, Sec. 20.**

On the element of damage, the evidence tends to show that plaintiff sustained some damage. At least she lost one day's time following the wrongful attachment. The amount of damage was also an issue for the jury.

It is our conclusion that the trial court erred in taking this case from the jury and that its judgment for the defendant should be reversed and a new trial granted. Exc O. S. J.

FESS, J, CARPENTER, J, concur.